IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| In the matter of: | ) | Case No. BK23-80554 |
| | ) | |
| BRIAN DANIEL MARRON, | ) | |
| | ) | Chapter 13 |
| Debtor. | ) | |
| | ) | |

## Order Granting Motion to Avoid Lien

This matter is before the court for hearing on the motion to avoid lien (Doc. #29) filed by the debtor Brian Marron, and the resistance (Doc. #39) filed by creditor Danielle Shallberg. John Turco appeared for the debtor. Carlos Anaya appeared for the creditor. The debtor seeks to avoid the creditor's judicial lien against his home under 11 U.S.C. § 522(b), asserting the lien impairs his homestead exemption. Because the debtor is allowed to claim a homestead in his one-half interest in property, and because there is no evidence or presumption his non-filing spouse consented to a homestead in her one-half interest, the lien is avoided.

## Findings of Fact

The debtor owns his home with his non-filing spouse. The debtor values the entire property on bankruptcy Schedule A/B (Doc. #11) at $371,000, and his one-half interest at $185,500.[1] The debtor claimed a full $60,000 homestead exemption on his Schedule C. The creditor's judicial lien, as of the petition date, equaled $49,941.03. There are prior consensual liens against the property totaling $247,113.46 and a prior judgment lien against the debtor's interest totaling $2,271.48.[2]

---

[1] The creditor did not dispute the value of the property.

[2] In support of his motion the debtor offered his bankruptcy schedules. It appears the prior consensual liens encumber the entire property, but the prior judgment lien encumbers only the debtor's half interest. But an affidavit definitively setting out the encumbrances would have been helpful. Based upon the property lien avoidance calculations in the creditor's resistance (Doc. #39), it appears undisputed the consensual liens encumber the entirety of the property and the judgment lien only the debtor's half interest. The division of the consensual liens does not adversely affect the creditor. The judgment lien encumbering only the debtor's half interest slightly benefits the debtor (in the amount of $1,135.74).

The debtor, though not supplying his avoidance calculations, asserts the creditor's entire lien is avoidable. The creditor disagrees.[3] The creditor provided two sets of calculations – one using the debtor's purported avoidance methodology and another her own. The reason for dueling calculations[4] is the "consent" aspect of Nebraska's homestead act.[5] Using the creditor's calculations, if the debtor's wife consented to the use of her separate property as a homestead, $29,671.81 of the creditor's lien is not avoidable. If she did not consent, the lien is completely avoidable.[6] The creditor asserts the wife's consent is tacit and presumed because she lives in the property with her husband, and it is their marital home. Also, on his Schedule B, the debtor states "This property is the homestead of the Debtor and his non-filing spouse."

## Conclusions of Law

The debtor may avoid certain judicial liens to the extent they impair a homestead exemption. *See* 11 U.S.C. § 522(f)(1)(A). To avoid the lien the debtor must "(1) establish the creation of an avoidable lien under § 522(f)(1); (2) that affixed to exempted property under §522(b); and (3) that impaired a debtor's claimed exemption in the property." *See David G. Waltrip, LLC v. Sawyers (In re Sawyers)*, 2 F.4th 1133, 1137 (8th Cir. 2021). The debtor has the burden of proof. *Id.* The only element in dispute is the extent of the impairment.

Section 522(f)(2)(A) contains the formula to calculate the extent to which a lien impairs a debtor's homestead exemption. The formula is:

> The amount of the judicial lien +
> The amount of all other liens on the property +
> The amount of debtor's homestead exemption absent any liens on property =
> Sum –
> The value of the debtor's interest in the property absent any liens =
> Extent of Impairment.

---

[3] Another of the creditor's objections to the lien avoidance is the debtor's plan provides for payment in full to a junior judicial lien. While this might form the basis of an objection to the debtor's plan, it is not a sufficient basis to object to avoidance of the creditor's lien.

[4] Cue Ronny Cox and Drew Ballinger and a soundtrack overlay by Eric Weissberg and Steve Mandell.

[5] For a full history of the consent aspect of Nebraska's homestead act, see the court's recent opinion in *In re Hudson*, BK23-80946 (Bankr. D. Neb. February 7, 2024) (Doc. #28).

[6] If the wife consented, or is deemed to have consented, the husband's homestead exemption is effectively $30,000 for lien avoidance purposes.

*Sawyers*, 2 F.4th at 1140 (citations omitted). "The extent of the impairment is the amount that a creditor's lien will be avoided." *Id*.

The creditor's position is grounded in the calculations former bankruptcy Judge Timothy Mahoney used in *In re Pedersen*, 2011 WL 1364211 (Bankr. D. Neb. Apr. 11, 2011). In *Pedersen*, a husband and wife filed a joint bankruptcy after a creditor obtained a judgment against the husband only. In their schedules, the debtors claimed the homestead and the resulting exemption of $60,000 in property they jointly owned. They filed a motion to avoid the creditor's lien, which lien attached to only the husband's interest. The debtors contended the homestead was supported solely from the husband's half interest in the property. As such, the full $60,000 exemption was available to completely avoid the creditor's lien. The creditor contended the entire property supported the homestead and, effectively, only $30,000 of the exemption counted toward the lien avoidance.

The outcome of *Pedersen* depended upon whether the wife consented to the use of her property to support the homestead. At the time the exemption statute provided, for a married couple "the homestead may be selected from the separate property of the husband, or *with the consent of the wife* from her separate property." Neb. Rev. Stat. § 40-102 (emphasis added). The debtors apparently contended the wife had not expressly consented. The court rejected the debtors' position, holding a "woman holding an ownership interest in property which she and her family have made their family home tacitly consents to the creation of a homestead in her property." *In re Pedersen*, 2011 WL 1364211, at *2.

In *Pedersen* the issue, as framed by the court, was whether a "wife who is a joint owner of property must *explicitly consent* to the use of her share of the property as a homestead." *Id*. The court held a "cursory reading of Nebraska case law" might support the conclusion, but a "closer reading of the cases does not lead inexorably to that conclusion". *Id*.

A similar "closer reading" supports the debtor's position the homestead in this case is only supported by the debtor's half-interest, and not the half interest of debtor's non-filing spouse. In arriving at its conclusion, the *Pederson* court cited three Nebraska homestead cases, *Nielsen v. Nielsen (In re Nielsen's Estate)*, 280 N.W. 246 (Neb. 1938); *Hobson v. Huxtable*, 112 N.W. 658 (Neb. 1907); and *Williams v. Williams*, 184 N.W. 114 (Neb. 1921).

*Nielsen* involved a dispute between a widow and the executor of her deceased husband's estate. At the time, if no homestead existed, Nebraska allowed a personal property exemption in lieu of the homestead exemption. The wife claimed the personal property exemption, asserting she did not have a homestead with her husband whom, she alleged, "rented" the property from her. The court denied her

personal property exemption, finding the husband, while alive, claimed an ownership interest in the property. The court also found the widow did not overcome the presumption the homestead existed due to the "actual use of the property as a homestead". *Nielsen's Estate*, 280 N.W. at 248.

In *Hobson*, the wife died solely owning the property. The administrator of the estate sold the property to the Huxtables. The widower, Hobson, claimed the deed was void because the conveyance contravened his homestead rights. In defending the action, the Huxtables asserted no homestead existed because the deceased wife did not *formally* declare a homestead. The court found the homestead existed. It declared the deed from the administrator void, holding:

> We do not think that this case established the doctrine contended for by the appellants, that the wife must declare her formal consent to the selection of a homestead from her property. We think her consent will be presumed from the actual use of the property as a homestead, which presumption can only be overcome by proof that she did not in fact consent. The property, being the homestead of the deceased, descended to the husband during his life, and, upon his death, in fee to the children.

*Hobson*, 112 N.W. at 659.

In *Williams*, the husband and wife were estranged. The wife separately owned the homestead property. Instead of divorcing her husband, she filed a lawsuit to forcibly eject him. The husband filed an answer asserting the parties agreed the property was their home and joint homestead. He alleged they resided in it for four years. The court found the pleading sufficient, "in view of the rule that such consent may be presumed from the occupancy of the premises as a family home". *Williams*, 184 N.W. 114 at 115 (citing *Hobson*, 112 N.W. 658).

Although not framed as such, in *Pedersen* and in the three cases cited in *Pedersen*, the homestead was found to exist on grounds not unlike equitable estoppel.[7] "Equitable estoppel is a bar which precludes a party from denying or asserting anything to the contrary of those matters established as the truth by his or her own deeds, acts, or representations." *McGill v. Lion Place Condo. Ass'n*, 864 N.W.2d 642, 657 (Neb. 2015). In *Nielsen* the widow could not obtain an unwarranted personal property exemption by denying the homestead existed. In *Hobson*, a widower was not denied his homestead rights on the grounds his wife never formally consented to the claim, which grounds were raised against him by those who obtained title through the wife. In *Williams* the wife could not deny the

---

[7] This is an analogy only and is not a finding equitable estoppel applies to homesteads in Nebraska.

homestead she established with her husband in an ejectment action she filed in lieu of filing a divorce.

Likewise, in *Pedersen*, the wife who filed bankruptcy with her husband and who claimed the exemption in her schedules could not later deny it:

> That legal proposition [of tacit consent] is especially applicable in a bankruptcy case such as this, where not only do the husband and wife jointly own and live in the property, but they jointly agreed in their bankruptcy schedules to exempt the full statutory amount of the exemption against the property's total value.

*In re Pedersen*, 2011 WL 1364211, at *2.

*Pedersen* involved a married couple filing a joint bankruptcy case. It does not apply to this case. The debtor filed for bankruptcy protection alone. His wife did not file. Her consent will not be presumed. Nebraska caselaw and Nebraska's homestead act support this conclusion.

Under Nebraska law, the debtor's half interest can support the claim of homestead. *See Connor v. McDonald*, 233 N.W. 894, 896 (1931) ("An undivided interest in real estate, accompanied by the exclusive occupancy of the premises by the owner of such interest, and his family, as a home, is sufficient to support a homestead exemption."). The spouse's use of the property as a homestead is not dispositive it is supported only by the debtor's half interest.

Under Nebraska's homestead act, "If the claimant is married, the homestead *may be selected* from the separate property of the claimant or, with the consent of the claimant's spouse, from the separate property of the claimant's spouse." Neb. Rev. Stat. § 40-102 (emphasis added). The statute gives the claimant an option. The creditor's position takes away the option and forces the debtor to select the homestead from both his or her half interest and from the half interest of his or her non-filing spouse. This construction goes against the plain meaning of the statute.

Instead of *Pedersen*, this case is most analogous to *Connor v. McDonald* where the Nebraska Supreme Court found the husband's half interest supported the homestead.

> In the present instance the husband and the wife purchased the lot, and took the title, each owning an undivided half interest, built a house thereon with the proceeds of the mortgage executed by both and thereafter continuously occupied the premises as their home until after they conveyed to John Abrahamson the title to the entire estate by warranty deed, subject to incumbrances. These facts are established by the evidence without

dispute. The record contains no evidence that the wife consented to the selection of the homestead from her separate estate--her undivided half interest. It follows therefore that the husband's undivided half interest in the improved lot supported the homestead.

*Connor*, 233 N.W. at 896.

IT IS ORDERED: Because the debtor's half interest supports the homestead, the full amount of the creditor's lien is avoided under 11 U.S.C. § 522.

Dated: February 8, 2024

BY THE COURT:

/s/ Brian S. Kruse
Brian S. Kruse
Bankruptcy Judge

Notice given by the court to:
        *John Turco
        Carlos Anaya
        United States Trustee

*Movant is responsible for giving notice to other parties if required by rule or statute.